UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HUW EDWARDS and JANE EDWARDS,

    Plaintiffs,

  v.

DEPOSITORS INSURANCE COMPANY,

    Defendant.

Case No. 20-cv-1074-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Depositors Insurance Company's Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss the plaintiffs' claim under the Illinois Insurance Code, 215 ILCS 5/155(1), for vexatious and unreasonable failure to pay a claim or delay of payment of that claim (Doc. 8). Depositors claims plaintiffs Huw Edwards and Jane Edwards (collectively, the Edwardses) have failed to plead facts to support a claim that its conduct was vexatious and unreasonable and that the claim was not pled properly under the applicable federal rules. The Edwardses have responded to the motion (Doc. 12) arguing that the Complaint, when read as a whole, sufficiently pleads circumstances in which a refusal to pay could be considered vexatious. Alternatively, they ask that, if the Court finds their pleading insufficient, they be given leave to amend.

**I.      Standard for Dismissal**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the

complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,*  556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir.

2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667.

## II.     Allegations in the Complaint

Viewed in the light most favorable to the Edwardses, the allegations in the Complaint establishes the following relevant facts.

The Edwardses purchased a homeowners insurance policy from Depositors covering their home in Effingham, Illinois.  That policy included the two endorsements at issue in this case.  The first—the Dwelling Replacement Cost Endorsement—states that, if the Edwardses satisfied certain conditions, Depositors would "settle covered losses to the dwelling . . . up to 125% of the limit of liability shown in the Declarations for Coverage A as follows," and then it lists what it will pay for (Doc. 1-1 at 65).

The second endorsement—the Premier Homeowners Endorsement—states that Depositors would pay reasonable expenses for the removal of certain debris and that the plaintiffs could "use up to 20% of the limit of liability that applies to Coverage A for the increased costs you incur due to the enforcement of any ordinance or law which requires or regulates:  1) The construction, demolition, remodeling, renovation or repair of that part of a covered building or other structure damaged by a Peril Insured Against. . . ."  (Doc. 1-1 at 25-26 & 68-69).

The plaintiffs' home and the personal property in it was destroyed by fire on March 13, 2018.  When they made a claim for the loss, their local insurance agent and adjustors for

Depositors told them that the Dwelling Replacement Cost Endorsement provided coverage for 150% of the applicable limits of liability rather than the 125% listed in the endorsement itself. The Edwardses relied on those statements when they rebuilt their residence. After it was completed, Depositors acknowledged that it had earlier told the Edwardses that the coverage was for 150%, but then informed them that the policy actually only covered up to 125%. It stands by the limit of 125%.

The Edwardses also asked Depositors to pay 20% of the limit of liability for debris removal and 20% to construct a firewall as required by local ordinance, but Depositors said it would only pay 5% and 10%, respectively, in accordance with the general policy terms. The Edwardses argue that this is inconsistent with the Premier Homeowners Endorsement.

In Count I of their lawsuit, the plaintiffs seek a declaratory judgment and have included in their prayer for relief an award of attorney's fees, prejudgment interest, and a statutory penalty pursuant to the Illinois Insurance Code, 215 ILCS 5/155(1). They allege that Depositors behaved vexatiously and unreasonably by failing to provide the 150% of the limits of liability for the home replacement as represented when the plaintiffs filed their claim and by failing to provide the benefits promised under the Premier Homeowners Endorsement. In Count II, the plaintiffs allege Depositors has breached the insurance contract.

**III.    Analysis**

Depositors asks the Court to dismiss the plaintiffs' claim for vexatious and unreasonable conduct under § 5/155(1) of the Illinois Insurance Code on the grounds that they pled insufficient facts to support the cause of action. Specifically, it notes that there is no claim under § 5/155(1) simply for a *bona fide* coverage dispute without any willful and wanton misconduct. Depositors contends that the plaintiffs have pled nothing more than a coverage dispute. Alternatively,

Depositors asks the Court to dismiss the § 5/155(1) claim on the grounds that it is not contained in a separate count as required by Federal Rules of Civil Procedure 8(a) and 10(b).

The plaintiffs contend that their Complaint is just fine considering the totality of the circumstances. They focus on the representations made by Depositors' agents that were inconsistent with policy language and upon which they relied to build a replacement home. They also point to the alleged failures to pay according to the policy. They further ask for leave to replead if the Court finds their § 5/155(1) claim insufficiently pled.

    A.    <u>Arguments as to Form</u>

The Court turns first to the arguments as to form: failing to comply with Rules 8(a) and 10(b). As noted above, Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The lack of a "short plain statement of the claim" is ordinarily used as a basis for dismissal where the complaint is prolix. For example, in *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994), a case cited by Depositors, the Court of Appeals for the Seventh Circuit expressed approval for dismissal pursuant to Rule 8(a) of a "119-page, 385-paragraph less-than-coherent amended complaint." It noted, "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Id.* Indeed, this Court has relied on the failure to comply with Rule 8(a) to dismiss a pleading, noting the "disjointed, piecemeal presentation of [the plaintiff's] Complaint, as well as its length, results in a pleading that is largely unintelligible, and forces the Court to forever sift through its pages in order to parse out the claims that [the plaintiff] apparently seeks to assert." *Jones v. Mooney*, No. 17-CV-349-JPG, 2017 WL 2533651, at *2 (S.D. Ill. June 12, 2017).

The plaintiffs' Complaint does not suffer from the kind of prolixity forbidden by Rule

8(a).  It is 7 pages of fairly short, straightforward paragraphs.  It is clear and intelligible what the plaintiffs are trying to plead, so dismissal for violation of Rule 8(a)'s "short and plain statement of the claim" pleading requirement is not warranted.

As for Rule 10(b), that rule requires a party to plead in separate numbered paragraphs, each containing a single set of circumstances.  It further requires each claim *founded on a separate transaction or occurrence* to be state in a separate count *if* it would clarify the claims. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (recognizing that Rule 10(b) permits a court to "require that allegations be grouped into logical counts for claims that are 'founded on' separate transactions or occurrences"); *see, e.g., Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004) (affirming dismissal for the fourth failure to comply with Rule 10(b) where complaint was "largely gobbledygook" and failed to separately state counts for wrongful arrest and condemnation).  Again, this procedural rule is to aid the parties and the Court in understanding and analyzing what is pled so the claims can be resolved on their merits. It is rarely, if ever, used because a plaintiff states two causes of action within one count if those causes of action are based on the same transaction or occurrence.  In fact, by its plain terms, the separate paragraph requirement does not even apply where the claims are based on the same transaction or occurrence.  *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1324 (4th ed. 2020).

All of the plaintiffs' claims arise out of the same transaction or occurrence: Depositors' alleged failure to pay their insurance claim as they wished.  Thus, Rule 10(b) does not prohibit a claim for a declaration of coverage and a claim under § 5/155(1) from being pled in the same count.

In sum, the plaintiffs' Complaint is not unduly prolix, full of gobbledygook, or packed

with unnecessary matter. On the contrary, the form in which the plaintiffs' claims are presented does not obfuscate the issues or needlessly complicate efforts to understand them. For these reasons, and consistent with the Court's general preference for resolving matters on the merits rather than on technicalities, the Court declines to dismiss the plaintiffs' Complaint for failure to comply with Rules 8(a) or 10(b).

      B.      <u>Arguments as to Substance</u>

The Court now turns to the defendant's arguments regarding the sufficiency of the factual allegations to support a claim for vexatious and unreasonable conduct under § 5/155(1). That statute states, in pertinent part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts: [listing three alternative amounts].

215 ILCS 5/155(1). Essentially, "[t]he statute provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996). It was enacted to deter insurance companies from denying claims on flimsy pretexts, especially where the relative size of the claim and the costs of litigation make it impractical for an insured to recover in court, but it was not intended to punish insurers for asserting *bona fide* but inadequate defenses. *Id.* (citing H. Havinghurst, *Some Aspects of the Illinois Insurance Code,* 32 Ill. L. Rev. 391, 405 (1937)); *see Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 596 (7th Cir. 2017).

For this reason, it is not enough just to show that an insurer denied a claim when it

shouldn't have.  On the contrary, to prevail under § 5/155(1), a plaintiff must show more than a *bona fide* dispute regarding coverage.  *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1023 (7th Cir. 2013).  It must show "that the insurer's behavior was willful and without reasonable cause."  *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000).  Conduct does not qualify if "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law."  *Citizens First Nat'l Bank*, 200 F.3d at 1110 (internal citations omitted); *accord Dowding v. Nationwide Mut. Ins. Co.*, No. 20 C 4118, 2020 WL 5800728, at *3 (N.D. Ill. Sept. 29, 2020).

      The conduct the plaintiffs plead in the Complaint is mostly confined to the failure of Depositors to pay what the policy called for.  There is no indication why it did not pay, so there is nothing from which it could be reasonably inferred that the reasons were vexatious and unreasonable.  The only potentially vexatious and unreasonable behavior alleged was the misrepresentations made by Depositors' agents regarding the liability limit in the Dwelling Replacement Cost Endorsement, upon which the plaintiffs relied in rebuilding their home.  But that misrepresentation does not appear to have caused a failure or an unreasonable delay in settling the claim for the amount *actually stated in the endorsement.*  Accordingly, the Court is hard-pressed to see where the Complaint's allegations reasonably suggest Depositors behaved in a vexatious or unreasonable way.  For this reason, the Court will dismiss the plaintiffs' claim for attorney's fees, costs, and a penalty under § 5/155(1) but will  allow them to replead to allege sufficient facts to supporting such a claim.

### IV.     Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Depositor's motion to dismiss (Doc. 8);

- **DISMISSES without prejudice** the plaintiffs' claim under the Illinois Insurance Code, 215 ILCS 5/155(1), for attorney's fees, costs, and a penalty (Doc. 8); and

- **ORDERS** that the plaintiffs shall have 14 days to file an amended pleading with an amended claim under 215 ILCS 5/155(1) and sufficient factual allegations to support such a claim.  The plaintiffs need not seek further leave of Court.  Should the plaintiffs fail to tender an amended pleading with a repleaded claim, the Court will assume the plaintiffs cannot plead sufficient facts to support the claim and would entertain a motion to convert the dismissal to a dismissal with prejudice.

**IT IS SO ORDERED.**
**DATED:  January 4, 2021**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**